# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN C. BRINKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-1145 CAS |
| | ) | |
| RANDY MARTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This matter is before the Court on a "motion to surpress" [sic] filed by the plaintiff, and two letters to the Court from plaintiff dated August 9, 2005 and August 13, 2005. Attached to the letters are copies of various documents and separate written statements by the plaintiff.

Plaintiff, who is confined at the Crawford County Jail, filed this action pro se on July 25, 2005. By order dated August 11, 2005, the Court granted plaintiff leave to proceed in forma pauperis and ordered that process issue on the complaint. Summonses were issued on August 12, 2005, for service by the United States Marshal. As of the date of this order, there is no indication in the record that the defendants have been served and no responsive pleadings have been filed.

In the motion to suppress, which is actually in the nature of a motion to compel, plaintiff asks the Court to direct two of the defendants to release certain documents relating to grievances the plaintiff has filed and to disclose the address of another defendant. The Court will deny this motion without prejudice as premature. Plaintiff can direct written discovery requests to the defendants in accordance with the Federal Rules of Civil Procedure. In addition, after the defendants have filed responsive pleadings, the Court will issue a case management order which will, among other things, direct the parties to disclose all relevant evidence by a particular date. With respect to disclosure of

the address of defendant Reichert, the Court would reconsider a new motion requiring defendants to disclose any such address to the Court in the event the Marshal is unable to serve defendant Reichert with summons and complaint.

Plaintiff's letter to the Court dated August 9, 2005 is labeled "follow-up" and details further efforts by plaintiff to obtain medication on June 28, 2005 and August 6, 2005. Attached to it are copies of a letter to plaintiff from the Missouri Bar responding to his request for legal assistance, copies of two inmate request forms, and a written statement by plaintiff of an incident on July 27, 2005, which appears to allege that defendant Cunningham threatened to retaliate against plaintiff for filing a grievance against her, and states that he has been "locked down" for two weeks for filing the instant lawsuit.

Plaintiff's letter to the Court dated August 13, 2005 is labeled "grievance's [sic] filed/exhaustion of remedies" and states that plaintiff has requested "forms to obtain the grievances that have been filed" regarding this case "in order to exhaust all remedies." Attached to the letter are seven separate documents, including additional statements from plaintiff discussing access to medical treatment and alleging denial of access to a law library, copies of two "voluntary statements" from other prisoners in the Crawford County Jail, a copy of an inmate request form in which plaintiff seeks to file a complaint against defendant Cunningham for retaliation, and a copy of a prisoner request/grievance form dated August 11, 2005.

**Discussion**.

The purpose behind plaintiff's letters to the Court is unclear. The Court has directed the Clerk of the Court to file these documents as "letters," and the Court will not take any action based upon the letters. Plaintiff is advised that if he wishes to add new allegations to his complaint, he may

not do so by supplementing it with letters and documents, but instead would need to file an amended complaint. This Court does not permit supplements to complaints in order to avoid confusion, as supplements would require the Court and other parties to refer to multiple documents in order to ascertain all of plaintiff's claims.

Plaintiff is further advised that an amended complaint completely replaces an original complaint, and therefore plaintiff must include all of the defendants' names in both the caption and body of any amended complaint, together with a brief statement of the legal and factual basis for his claims. See In Home Health, Inc. v. Prudential Ins. Co., 101 F.3d 600, 603 (8th Cir. 1996) (amended complaint renders original complaint of no legal effect); Rule 10(a), Fed. R. Civ. P. ("In the complaint the title of the action shall include the names of all the parties . . . .").

Rule 15(a) of the Federal Rules of Civil Procedure permits a plaintiff to amend his complaint without leave of Court before a responsive pleading to the original complaint is served. Rule 15(a), Fed. R. Civ. P. If a responsive pleading has been filed, however, a plaintiff may amend his complaint only by leave of court or by written consent of the adverse parties. Id. To obtain leave of court to file an amended complaint, plaintiff would need to submit a separate written motion for leave to amend along with the proposed amended complaint.

In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure and other applicable procedural rules. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). In the future, plaintiff should communicate with the Court only by written motion or memorandum, and not by letter. See Eastern District Local Rule 4.04(A).

Plaintiff is also advised that Federal Rule of Civil Procedure 5 requires a copy of all materials filed with the Court to be provided to counsel of record for the other parties in the case. See Fed. R. Civ. P. 5(a), (b) and (d). In addition, each filed document must contain a caption identifying the name of the court, the title of the action, the case number, and a designation, i.e., the name of the document. See Fed. R. Civ. P. 10(a), 7(a). Local Rule 2.01(A)(1) of this Court requires that each document be signed by a party or the party's attorney, and provide the signer's address and telephone number, if any.

Plaintiff is notified that in the future, any pleading, motion or other paper which he seeks to file must include (1) a case caption in the form shown above, including the name of the court, the title of the action, the file number, and a designation (name) for the document; (2) a certificate of service showing that copies were mailed to the other parties in the case, and (3) plaintiff's signature, with his name printed below, along with his address and telephone number, if any.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to suppress, construed as a motion to compel, is **DENIED without prejudice**. [Doc. 5]

**IT IS FURTHER ORDERED** that in the future, plaintiff shall communicate with the Court only by written motion or memorandum, and not by letter.

**IT IS FURTHER ORDERED** that all future pleadings, motions or other papers submitted by plaintiff shall comply with the form of pleading requirements of the Local Rules of this Court and

the Federal Rules of Civil Procedure as set forth in this Order, or the same may be returned to the sender.

                                                      **CHARLES A. SHAW**
                                                      **UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of August, 2005.