# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN C. BRINKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-1145 CAS |
| | ) | |
| RANDY MARTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on a motion for leave to withdraw as counsel filed by plaintiff's appointed counsel. Counsel states that since he was appointed to represent plaintiff, plaintiff has been released from incarceration and has not maintained a consistent mailing address or telephone number. Counsel further states that he last had contact with plaintiff by telephone on April 4, 2006, when he informed plaintiff that his deposition was set for May 4, 2006. Despite confirming this information in a letter, counsel states that plaintiff failed to appear for his scheduled deposition, and thereafter counsel has not been able to locate or contact plaintiff. Counsel states that he is unable to respond to defendants' outstanding discovery requests or otherwise properly represent plaintiff in this action.

The Court is sympathetic to counsel's quandary. Nonetheless, the Court will not permit counsel to withdraw at this time. Counsel has been unable to contact plaintiff for only a month, and if plaintiff is interested in prosecuting this action he will presumably make efforts to contact counsel. In addition, if plaintiff did not appear for his deposition and cannot be reached in order to respond

to discovery, the defendants could move for sanctions under Rule 37, Fed. R. Civ. P., and if so, counsel will be able to inform the Court of plaintiff's status at that time.

Accordingly,

**IT IS HEREBY ORDERED** that appointed counsel's motion for leave to withdraw counsel is **DENIED** without prejudice.  [Doc. 27]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of May, 2006.