# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN C. BRINKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-1145 CAS |
| ) | |
| RANDY MARTIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action under 42 U.S.C. § 1983 is before the Court on a motion to dismiss this case with prejudice, or in the alternative without prejudice, as a sanction, or in the alternative, to stay discovery with consent of plaintiff's counsel. Plaintiff alleges in this action that his constitutional rights were violated by defendants at the Crawford County Jail when they delayed or denied him access to his prescription medication. The Court granted plaintiff's motion for appointment of counsel and issued a Case Management Order on November 3, 2005.

In the motion to dismiss, defendants state that plaintiff failed to appear for his deposition as scheduled on May 4, 2006, and that plaintiff's appointed counsel has been unable to contact or locate plaintiff. Defendants state that discovery deadlines as set forth in the Case Management Order are rapidly approaching, and they are prejudiced by plaintiff's unwillingness or inability to participate in discovery.

Plaintiff's counsel responds that dismissal with prejudice is an extreme sanction that should only be used in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay, and that dismissal with prejudice is not an appropriate sanction where uncooperative

conduct has occurred on only one occasion, citing Penton v. Green, 2006 WL 1147241, *1 (8th Cir. May 2, 2006). Plaintiff's counsel asserts that discovery should be stayed until plaintiff can be located, and a stay will not prejudice defendants.

In a prior motion filed with the Court, plaintiff's counsel stated that plaintiff had been released from incarceration and since that time has not maintained a consistent mailing address or telephone number. Counsel further stated that he last had contact with plaintiff by telephone on April 4, 2006, when he informed plaintiff that his deposition was set for May 4, 2006. Despite counsel's confirmation of this information in a letter, plaintiff failed to appear for his scheduled deposition, and thereafter counsel has not been able to locate or contact plaintiff.

The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, plaintiff is correct that the Eighth Circuit has "recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000).

The Court finds that dismissal without prejudice is appropriate under the circumstances of this case. Plaintiff was notified that his deposition had been scheduled, but chose not to appear and has not contacted his appointed counsel for more than sixty days. The discovery deadline established by the Case Management Order has passed. Because appointed counsel is unable to contact plaintiff and there is no indication plaintiff will contact counsel any time in the near future, the Court finds that a stay of discovery is inappropriate. Plaintiff's failure to cooperate in the discovery process and to maintain contact with his appointed counsel interferes with the Court's ability to manage its docket.

There is no indication in the record, however, that plaintiff's actions indicate willful disobedience with the Case Management Order or a pattern of intentional delay. The Court will therefore grant defendants' alternative motion to dismiss this case without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss as a sanction is **GRANTED** to the extent that this case will be dismissed without prejudice. The motion is denied in all other respects. [Doc. 29]

An appropriate order of dismissal will accompany this memorandum and order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __28th__ day of June, 2006.