## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOHN C. BRINKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-1145 CAS |
| ) | |
| RANDY MARTIN, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This closed prisoner civil rights matter under 42 U.S.C. § 1983 is before the Court on pro se plaintiff John C. Brinkley's Motion to Reopen Case.  In support, the motion states as follows:

    1.  Plaintiff states that due to his appointed counsel withdrawing from his case he was unable to proceed in this matter.

    2. Plaintiff states that he attempted to refile the above case but was given a new case no that made his claim moot.

Mot. to Reopen at 1.

In this case, plaintiff alleged that the defendants denied or delayed medical treatment and/or prescription medication while he was held at the Crawford County Jail from May 2005 through early July 2005 (see Complaint at 7; Amended Complaint at 2-3).  The Court appointed counsel to represent plaintiff, but counsel later moved to withdraw on the basis that plaintiff had been released from incarceration and had not maintained a consistent address or telephone number, failed to appear for his scheduled deposition, and thereafter could not be located by counsel.  The Court denied the motion to withdraw by Order of May 17, 2006 (Doc. 28).  Subsequently, the defendants moved to dismiss the case based on plaintiff's failure to appear for his deposition.  Plaintiff's appointed counsel responded that the case should not be dismissed, but rather should be stayed until plaintiff

could be located.  The Court found that dismissal without prejudice was appropriate under the circumstances:

> Plaintiff was notified that his deposition had been scheduled, but chose not to appear and has not contacted his appointed counsel for more than sixty days.  The discovery deadline established by the Case Management Order has passed.  Because appointed counsel is unable to contact plaintiff and there is no indication plaintiff will contact counsel any time in the near future, the Court finds that a stay of discovery is inappropriate.  Plaintiff's failure to cooperate in the discovery process and to maintain contact with his appointed counsel interferes with the Court's ability to manage its docket.

Mem. and Order of June 28, 2006 at 2 (Doc. 33).  After the case was dismissed, the Court granted appointed counsel's motion to withdraw.  Plaintiff's assertion that the withdrawal of his appointed counsel caused him to be unable to pursue this case is not supported by the record.

On November 12, 2010, more than four years after dismissal of this case, plaintiff filed a second § 1983 case against the defendants based on the same facts.  Brinkley v. Martin, et al, No. 4:10-CV-2140 CAS (E.D. Mo.).  The second case was dismissed on the basis that it was barred by the applicable five-year statute of limitations, as plaintiff's claims were based on conduct that allegedly occurred during the period of June 29, 2005 through July 5, 2005.  Plaintiff appealed the dismissal and it was summarily affirmed by the Eighth Circuit Court of Appeals on March 25, 2011. Brinkley v. Martin, No. 11-1181 (8th Cir. Mar. 25, 2011).

The Court will deny plaintiff's motion to reopen this case.  Plaintiff's claims are barred by the principle of res judicata, as the Court determined in Case No. 4:10-CV-2140 CAS that his claims concerning his treatment at the Crawford County Jail in 2005 are time barred.  Plaintiff cannot overcome that determination by reopening this case.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Reopen Case is **DENIED**.  [Doc. 36]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of August, 2012.